| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Jean Wipper, | Court File No. |
| | Hon. _____ |
| Plaintiff, | Case Type: Civil |
| v. | **SUMMONS** |
| Marble Discount Tile & Supply, Inc., | |
| Defendant. | |

---

THIS SUMMONS IS DIRECTED TO DEFENDANT MARBLE DISCOUNT TILE & SUPPLY, INC., LOCATED AT 21200 ROGERS DRIVE, ROGERS, MN 55374.

**1. YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

**2. YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

Daniel Wilcox
Trautmann Martin Law PLLC
370 Wabasha Street N., Suite 857
Saint Paul, MN 55102

**3. YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

1

**5. LEGAL ASSISTANCE**. You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

**6. ALTERNATIVE DISPUTE RESOLUTION**. The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

**TRAUTMANN MARTIN LAW PLLC**

Dated: January 26, 2025

*/s/Daniel J. Wilcox*
Daniel John Wilcox (#0401664)
370 Wabasha St. North, Suite 857
Saint Paul, Minnesota 55102
Telephone: (605) 201-0311
dwilcox@trautlaw.com

*Attorney for Plaintiff Jean Wipper*

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Jean Wipper, | Court File No. |
| | Hon. _____ |
| Plaintiff, | Case Type: Civil |
| v. | |
| | **COMPLAINT** |
| Marble Discount Tile & Supply, Inc., | |
| Defendant. | |

Plaintiff Jean Wipper ("Plaintiff" or "Ms. Wipper"), by and through her attorneys, for her complaint against Defendant Marble Discount Tile & Supply, Inc. ("Defendant" or "Marble Discount"), alleges the following:

## INTRODUCTION

1. This case involves an employer's systematic wage theft scheme and subsequent retaliation against an employee who discovered and reported it.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff resides at 2701 Russell Avenue North, Minneapolis, MN 55411.

3. Defendant is a Minnesota corporation registered and with a principal place of business at 21200 Rogers Drive, Rogers, MN 55374.

4. Defendant sells flooring, countertops, cabinets, and tiles.

5. Jurisdiction is proper under § 484.01 and this Court is proper because the events giving rise to this action occurred in Hennepin County.

## FACTUAL ALLEGATIONS

6. Ms. Wipper began working for Marble Discount in December 2023.

1

7. In October 2024, Ms. Wipper discovered that Marble Discount had been inserting lunch breaks into her timecard that she had not taken.

8. On November 1, 2024, Ms. Wipper texted Mark Sickmann, Marble Discount's CEO, Cindy Gibbs, Marble Discount's human resource officer, and Julie Rouillard, Marble Discount's accounting officer, to discuss the issue.

9. Ms. Wipper met with Mr. Sickmann and Ms. Gibbs on November 4, 2024, in a meeting which Ms. Wipper recorded.

10. During this meeting, Mr. Sickmann claimed to have missed Ms. Wipper's text and denied knowledge of or involvement in the timecard modifications.

11. Mr. Sickmann suggested he might have accidentally inserted a lunch break into Ms. Wipper's timecard the prior week when adjusting another employee's card.

12. Despite Mr. Sickmann's claim to have missed Ms. Wipper's text, sometime between November 1, 2024, and November 4, 2024, the lunch break in question was removed from Ms. Wipper's timecard.

13. During the November 4, 2024, meeting, Mr. Sickmann first claimed he did not know whether lunch breaks were automatically added to employees' timecards but then admitted he often manually added lunch breaks to certain employees' timecards.

14. After the meeting, Ms. Wipper texted Ms. Rouillard, who confirmed that lunch breaks were being added to her timecard per Mr. Sickmann's instructions.

15. Ms. Wipper then contacted two other employees who independently confirmed experiencing similar unauthorized timecard modifications.

16. After learning of this practice, Ms. Wipper texted Ms. Gibbs to inform her that she needed time off to deal with the issue.

2

17. Ms. Gibbs responded by accusing Ms. Wipper of slander for texting the other employees and demanding she cease all such communications.

18. Ms. Gibbs suggested a "cool down time" and meeting on November 6, 2024, which Ms. Wipper accepted.

19. On November 5, 2024, Ms. Gibbs texted Ms. Wipper about meeting at a Starbucks the following day.

20. When Ms. Wipper asked if she was being terminated, Ms. Gibbs replied: "That's what we need to talk about."

21. By the morning of November 6, 2024, Ms. Wipper discovered she had no access to Marble Discount's scheduling system.

22. Ms. Wipper texted Ms. Gibbs to request her final paycheck and letter of termination, informing Ms. Gibbs that Marble Discount had 24 hours to pay wages owed under Minnesota law.

23. In a recorded phone conversation that followed, Ms. Gibbs explicitly confirmed that Marble Discount was terminating Ms. Wipper because she had texted other employees about the timecard issue.

24. Ms. Gibbs claimed that Marble Discount's payroll system auto-applies lunch breaks but could not explain why the breaks were sometimes odd lengths like 27 or 31 minutes.

25. Ms. Gibbs issued a formal termination letter dated November 6, 2024, citing Ms. Wipper's approved time off on November 4, 2024, and her texts to other employees as reasons for termination.

26. On November 8, 2024, Ms. Wipper received her final paycheck, which did not include backpay owed to her for the unauthorized lunch break deductions.

3

27. Despite providing Marble Discount the accounting they requested, Ms. Wipper remains uncompensated for that time.

28. Marble Discount has no employee handbook or written policy regarding mandatory lunch breaks.

29. No oral policy regarding lunch breaks was ever communicated to Ms. Wipper.

30. The lunch breaks were inserted during weeks where Ms. Wipper received regular pay and weeks where she received overtime pay.

31. As a result of Marble Discount's actions, Ms. Wipper has suffered lost wages, reduced income at her new job, and emotional distress.

**COUNT I**
**MINNESOTA FAIR LABOR STANDARDS ACT (Minn. Stat. § 177.21 *et seq.*)**

32. Plaintiff restates and incorporates the preceding paragraphs as if fully set forth herein.

33. Defendant repeatedly and willfully violated Minn. Stat. §§ 177.24 and 177.25 by failing to pay minimum and overtime wages.

34. Defendant repeatedly and willfully violated Minn. Stat. § 177.30 by failing to keep accurate records.

35. Defendant repeatedly and willfully violated Minn. Stat. § 177.32 by falsifying records and discharging Plaintiff for complaining that wages had not been paid properly.

36. As a direct result, Plaintiff was harmed.

**COUNT II**
**FAIR LABOR STANDARDS ACT (29 U.S.C. § 201 *et seq.*)**

37. Plaintiff restates and incorporates the preceding paragraphs as if fully set forth herein.

38. Defendant repeatedly and willfully violated 29 U.S.C. §§ 206 and 207 by failing to pay minimum and overtime wages.

4

39. As a direct result, Plaintiff was harmed.

## COUNT III
## PAYMENT OF WAGES ACT (Minn. Stat. § 181.01 *et seq.*)

40. Plaintiff restates and incorporates the preceding paragraphs as if fully set forth herein.

41. Defendant violated Minn. Stat. § 181.03 by discharging Plaintiff for asserting her rights or remedies under the Minnesota Fair Labor Standards Act and Payment of Wages Act.

42. Defendant violated Minn. Stat. § 181.032 by failing to keep accurate records.

43. Defendant violated Minn. Stat. §§ 181.101 and 181.13 by failing to timely pay wages.

44. As a direct result, Plaintiff was harmed.

## COUNT IV
## CIVIL THEFT (Minn. Stat. § 604.14)

45. Plaintiff restates and incorporates the preceding paragraphs as if fully set forth herein.

46. Defendant willfully violated Minn. Stat. § 604.14 by stealing wages from Plaintiff.

47. As a direct result, Plaintiff was damaged.

## COUNT V
## CONVERSION

48. Plaintiff restates and incorporates the preceding paragraphs as if fully set forth herein.

49. Defendant deprived Plaintiff of her interest in her wages.

50. As a direct result, Plaintiff was damaged.

## COUNT VI:
## BREACH OF CONTRACT

51. Plaintiff restates and incorporates the preceding paragraphs as if fully set forth herein.

52. Plaintiff and Defendant entered an employment contract under which Plaintiff provided labor to Defendant in exchange for wages.

53. Plaintiff performed such labor, entitling her to receipt of wages from Defendant.

5

54. Defendant breached the contract by failing to pay those wages.

55. As a direct result, Plaintiff was damaged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jean Wipper prays for judgment to be entered against Defendant Marble Discount & Tile Supply, Inc., as follows:

1. An award to Plaintiff exceeding $50,000 for unpaid wages, civil penalties, liquidated damages, compensatory damages, and interest in an amount to be proved at trial.

2. An award to Plaintiff of costs and disbursements, including reasonable attorney's fees.

3. An award to the State of Minnesota for the maximum civil penalties allowable under the Minnesota Fair Labor Standards Act and the Fair Labor Standards Act.

4. An order that Defendant shall cease and desist from engaging in the unlawful practices described herein and take affirmative steps to effectuate the purposes of the sections or rules violated.

5. Such other relief as the Court may deem just and equitable.

Respectfully Submitted,

**TRAUTMANN MARTIN LAW PLLC**

Dated: January 26, 2024

*/s/Daniel J. Wilcox*
Daniel John Wilcox (#0401664)
370 Wabasha St. North, Suite 857
Saint Paul, Minnesota 55102
Telephone: (605) 201-0311
dwilcox@trautlaw.com

*Attorney for Plaintiff Jean Wipper*

6

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minnesota Statutes § 549.211 to the party against whom the allegations in this pleading are asserted.

*/s/ Daniel J. Wilcox*
By: Daniel John Wilcox (#0401664)