UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jean M. Wipper, | Case No.: 0:25-CV-00762-PJS-DLM |
| Plaintiff, | |
| v. | **ANSWER TO COMPLAINT** |
| Marble Discount Tile & Supply Inc., | |
| Defendant. | |

For its Answer to Plaintiff's Complaint, Defendant Marble Discount Tile & Supply, Inc. ("Marble Discount"), hereby states as follows:

## INTRODUCTION

1.    Marble Discount denies the allegations in Paragraph 1 of the Complaint.

## PARTIES, JURISDICTION, AND VENUE

2.    Marble Discount lacks sufficient knowledge or information to admit or deny whether Plaintiff resides at the address listed in Paragraph 2 of the Complaint and therefore denies the same.

3.    Marble Discount admits the allegations in Paragraph 3 of the Complaint.

4.    Marble Discount admits to selling and providing among other things flooring, countertops, cabinets, and tiles as alleged in Paragraph 4 of the Complaint.

5.    Paragraph 5 of the Complaint contains a legal conclusion to which no response is required.

**FACTUAL ALLEGATIONS**

6.      Marble Discount admits the allegations contained in Paragraph 6 of the Complaint.

7.      Marble Discount lacks sufficient knowledge or information to admit or deny what Plaintiff believes to have discovered. Marble Discount denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.      Marble Discount admits that Plaintiff requested to meet as alleged in Paragraph 8 of the Complaint.

9.      Marble Discount admits that Plaintiff met with Mr. Sickman and Ms. Gibbs on November 4, 2024, but was unaware of and did not consent to recording by Plaintiff as alleged in Paragraph 9 of the Complaint.

10.     Marble Discount acknowledges that Mr. Sickman informed Plaintiff he did not see her text message and denied her allegation of a practice of adjusting her timecard. Marble Discount denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.     Marble Discount admits Plaintiff was informed by Mr. Sickman that while adjusting another employee's timecard he might have accidentally inserted a lunch break on her timesheet and assured her it would be corrected immediately.

12.     Marble Discount admits that the error in Plaintiff's timesheet was removed. Marble Discount denies the remaining allegations in Paragraph 12 of the Complaint.

13.     Marble Discount denies the allegations in Paragraph 13 of the Complaint.

14. Marble Discount lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of the Complaint and therefore denies the same.

15. Marble Discount admits Plaintiff contacted two other employees. Marble Discount denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Marble Discount admits that Plaintiff requested and received time off. Marble Discount denies the remaining allegations contained in Paragraph 15 of the Complaint.

17. Marble Discount admits that Plaintiff was informed that her actions in texting false accusations to other employees could be considered slander. Marble Discount denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. Marble Discount admits that Plaintiff was offered and accepted a period of time before continuing the conversation.

19. Marble Discount admits the allegations contained in Paragraph 19 of the Complaint.

20. Marble Discount admits to inviting Plaintiff to Starbucks, a neutral location, to discuss her actions following Plaintiff's walking out on her shift without notification and texting false and accusatory information to other employees.

21. Marble Discount admits the allegations contained in Paragraph 21 of the Complaint.

22. Marble Discount admits that Plaintiff could not access the scheduling system following her conduct that led to her termination. Marble Discount lacks sufficient

3

knowledge or information to admit or deny when Plaintiff discovered her lack of access to the scheduling access.

23. Marble Discount denies the allegations contained in Paragraph 23 of the Complaint.

24. Marble Discount admits that its system auto-applies lunch breaks. Marble Discount denies the remaining allegations contained in Paragraph 24 of the Complaint.

25. Marble Discount admits to issuing a termination letter to Plaintiff which speaks for itself. Marble Discount denies the remaining allegations contained in Paragraph 25 of the Complaint.

26. Marble Discount admits to issuing Plaintiff her final paycheck. Marble Discount denies the remaining allegations contained in Paragraph 26 of the Complaint.

27. Marble Discount denies the allegations contained in Paragraph 27 of the Complaint.

28. Marble Discount denies the allegations contained in Paragraph 28 of the Complaint.

29. Marble Discount denies the allegations contained in Paragraph 29 of the Complaint.

30. Marble Discount denies the allegations contained in Paragraph 30 of the Complaint.

31. Marble Discount denies the allegations contained in Paragraph 31 of the Complaint.

## COUNT I
## MINNESOTA FAIR LABOR STANDARDS ACT (Minn. Stat. § 177.21 *et seq.*)

32.    The allegations contained in Paragraph 32 of the Complaint do not require a response, except that Marble Discount incorporates its responses to the paragraphs referenced therein.

33.    Marble Discount denies the allegations contained in Paragraph 33 of the Complaint.

34.    Marble Discount denies the allegations contained in Paragraph 34 of the Complaint.

35.    Marble Discount denies the allegations contained in Paragraph 35 of the Complaint.

36.    Marble Discount denies the allegations contained in Paragraph 36 of the Complaint.

## COUNT II
## FAIR LABOR STANDARDS ACT (29 U.S.C. § 201 *et seq.*)

37.    The allegations contained in Paragraph 37 of the Complaint do not require a response, except that Marble Discount incorporates its responses to the paragraphs referenced therein.

38.    Marble Discount denies the allegations contained in Paragraph 38 of the Complaint.

39.    Marble Discount denies the allegations contained in Paragraph 39 of the Complaint.

5

## COUNT III
### PAYMENT OF WAGES ACT (Minn. Stat. § 181.01 *et seq.*)

40.    The allegations contained in Paragraph 40 of the Complaint do not require a response, except that Marble Discount incorporates its responses to the paragraphs referenced therein.

41.    Marble Discount denies the allegations contained in Paragraph 41 of the Complaint.

42.    Marble Discount denies the allegations contained in Paragraph 42 of the Complaint.

43.    Marble Discount denies the allegations contained in Paragraph 43 of the Complaint.

44.    Marble Discount denies the allegations contained in Paragraph 44 of the Complaint.

## COUNT IV
### CIVIL THEFT (Minn. Stat. § 604.14)

45.    The allegations contained in Paragraph 45 of the Complaint do not require a response, except that Marble Discount incorporates its responses to the paragraphs referenced therein.

46.    Marble Discount denies the allegations contained in Paragraph 46 of the Complaint.

47.    Marble Discount denies the allegations contained in Paragraph 47 of the Complaint.

## COUNT V
## CONVERSION

48.     The allegations contained in Paragraph 48 of the Complaint do not require a response, except that Marble Discount incorporates its responses to the paragraphs referenced therein.

49.     Marble Discount denies the allegations contained in Paragraph 49 of the Complaint.

50.     Marble Discount denies the allegations contained in Paragraph 50 of the Complaint.

## COUNT VI
## BREACH OF CONTRACT

51.     The allegations contained in Paragraph 51 of the Complaint do not require a response, except that Marble Discount incorporates its responses to the paragraphs referenced therein.

52.     Marble Discount admits only that it offered to pay Plaintiff for her services and that Plaintiff provided services to Marble Discount. Marble Discount denies the remaining allegations contained in Paragraph 52 of the Complaint.

53.     Marble Discount admits only that it offered to pay Plaintiff an hourly wage for her services and that Plaintiff provided services to Marble Discount. Marble Discount denies the remaining allegations contained in Paragraph 53 of the Complaint.

54.     Marble Discount denies the allegations contained in Paragraph 54 of the Complaint.

55.     Marble Discount denies the allegations contained in Paragraph 55 of the Complaint.

## **PRAYER FOR RELIEF**

The Prayer for Relief paragraph of the Complaint and its subparagraphs 1-5 do not require a response. To the extent this section and its subparts require a response, Marble Discount denies any unlawful actions and denies that Plaintiff is entitled to any of the relief purportedly sought.

## **GENERAL DENIAL**

To the extent not already specifically addressed above, Marble Discount denies each and every allegation directed toward it, demanding strict proof thereof.

## **AFFIRMATIVE DEFENSES**

Without admitting any of the allegations of the Complaint, and without admitting or acknowledging that Marble Discount bears any burden of proof as to any of the allegations, Marble Discount asserts the following affirmative defenses:

1.     One or more of the counts in the Complaint fail to state a claim upon which relief can be granted.

2.     All actions taken by Marble Discount were reasonable and based on legitimate business considerations, and were made in good faith and in compliance with the provisions of state laws, rules, and regulations.

3.     Plaintiff's claims are barred, in whole or in part, by her own actions, inactions, commissions, and/or omissions.

4.      Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, and/or other equitable doctrines.

5.      Marble Discount was justified in its actions.

6.      Plaintiff's claims may be barred, in whole or in part, by Plaintiff's own breaches of contract.

7.      Plaintiff's claim for damages must be barred to the extent Plaintiff has failed to mitigate her damages. To the extent Plaintiff has mitigated her damages, any award of damages that may be due to Plaintiff must be reduced by the amount of that mitigation.

8.      The alleged damages claimed by Plaintiff are barred to the extent they are speculative in nature.

9.      Marble Discount denies that it violated any provision of the FLSA, the MFLSA, and the Minnesota Payment of Wages Act, or any federal or state law, and specifically denies that any alleged violations were willful.

10.      Marble Discount at all times acted in good faith and had reasonable grounds for believing that its alleged actions and omissions were in compliance with the FLSA, the MFLSA, and the Minnesota Payment of Wages Act. Accordingly, no liquidated damages or penalties should be awarded because the alleged actions or omissions were undertaken in good faith and do not constitute a willful violation of the FLSA, the MFLSA, and the Minnesota Payment of Wages Act.

11.      Although Marble Discount denies that any actionable conduct occurred, Plaintiff failed to take advantage of any preventive or corrective opportunities provided by Marble Discount or to avoid harm otherwise.

9

12.   Plaintiff's claims may be barred, in whole or in part, because Plaintiff has not suffered any damages in connection with the above-captioned action.

Marble Discount hereby gives notice that they are not knowingly waiving any affirmative defense and intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings of this action and hereby reserves their right to amend their Answer and include all such defenses.

WHEREFORE, Defendant Marble Discount Tile & Supply, Inc. respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice, award Marble Discount its reasonable attorneys' fees and costs to the extent allowed by law, and grant Marble Discount all other relief as the Court deems just and proper.

NILAN JOHNSON LEWIS PA

Dated: March 7, 2025                By: */s/  Katie M. Connolly*
                                        Katie M. Connolly (MN #338357)
                                        Alia M. Abdi (MN #0399527)
                                        250 Marquette Avenue South, Suite 800
                                        Minneapolis, MN 55401
                                        Phone: (612) 305-7500
                                        Fax:    (612) 305-7501
                                        kconnolly@nilanjohnson.com
                                        aabdi@nilanjohnson.com

                                    ATTORNEYS FOR DEFENDANT

10